JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3834 PA (FFMx) | Date | October 12, 2017 |
| Title | Phillip Dixon, Jr. v. Central Financial Control | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS—ORDER

      Plaintiff Phillip Dixon, Jr. ("Plaintiff"), appearing pro se, filed a complaint with this Court on May 22, 2017. (Docket No. 1.) Plaintiff also filed a request for service by the United States Marshal, which the Court granted on July 28, 2017. (Docket Nos. 3, 9.) The Court's July 28 Order required Plaintiff to provide certain information to the United States Marshal by August 18, 2017, and further required Plaintiff to submit to the Court a declaration establishing his compliance with the Order by August 25, 2017. (Docket No. 9) On September 20, 2017, having not received Plaintiff's declaration, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution. (Docket No. 10.) The Order specifically warned Plaintiff that his failure to respond by October 2, 2017, could result in sanctions, including dismissal of his complaint. (Id.) To date, and despite the expiration of the deadline to do so, Plaintiff has not filed a response.

      The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. Proc. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30, 82 S. Ct. 1386, 1388-89; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987-88.

      In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) (first citing Malone v. U.S. Postal Serv., 833 F.2d 128, 133 & n.2 (9th Cir. 1987); and then quoting Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3834 PA (FFMx) | Date | October 12, 2017 |
|---|---|---|---|
| Title | Phillip Dixon, Jr. v. Central Financial Control | | |

    Here, in assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Yourish</u>, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See</u> <u>id.</u>

    The third <u>Henderson</u> factor at least marginally favors dismissal. Although it is possible that the defendant in this action has not yet been served, it may be further prejudiced unless the complaint is dismissed. <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 642-43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale").

    In considering the fourth and fifth <u>Henderson</u> factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the date set by the Court. Nevertheless, Plaintiff has taken no action whatsoever. It therefore appears that Plaintiff has abandoned his efforts to obtain a judgment on the merits. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    A dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent. See <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, the Court cautioned Plaintiff about the possibility of dismissal in the Court's September 20, 2017 Order. The Court finds that Plaintiff has abandoned this action. The Court therefore dismisses this action without prejudice for lack of prosecution. <u>See</u> Fed. R. Civ. P. 41(b); <u>Yourish</u>, 191 F.3d at 986-88; <u>Ferdik</u>, 963 F.2d at 1260.

    IT IS SO ORDERED.